IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MICHAEL VIGIL
  Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

  Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant Allstate Insurance Company ("Allstate"), by and through its undersigned counsel Richard A. Orona, Esq. of Petersen & Fonda, PC, files this Notice of Removal of the above-captioned action from the El Paso County, Colorado District Court (the "El Paso County District Court") to the U.S. District Court for the District of Colorado.

Federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because of a complete diversity of citizenship between plaintiff Michael Vigil and defendant Allstate and because the amount in controversy exceeds $75,000, exclusive of interest and costs. Allstate states the following grounds for removal:

### I. INTRODUCTION

1. On Aug. 15, 2019 plaintiff filed this present lawsuit against Allstate in the El Paso County District Court, Case Number 2019CV31881. A copy of plaintiff's Complaint and

Jury Demand (the "Complaint") is attached hereto as **Exhibit A**. A copy of the Civil Case Cover Sheet that plaintiff filed with the Complaint is attached hereto as **Exhibit B**.

2. Allstate was served with the Complaint on Aug. 27, 2019. A copy of the Return of Service on Allstate Insurance Company is attached hereto as **Exhibit C**.

3. Allstate further notes that it became aware of the filing of this lawsuit on Sept. 9, 2019. When it received the Complaint from the Colorado Commissioner of Insurance.

4. Allstate's Notice of Removal is therefore filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed on or before Sept. 26, 2019, or within thirty days of Allstate's being served of the filing of this lawsuit on Aug. 27, 2019.

5. Allstate has not yet filed its answer or other response to the Complaint but will do so in this court in the time period required by Fed. R. Civ. P. 81(c)(2).

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being contemporaneously filed with the clerk of the El Paso County District Court and a copy has been served on plaintiff as indicated in the below certificate of service. A copy of the notice to the El Paso County District Court is attached hereto as **Exhibit D**.

7. Pursuant to 28 U.S.C. § 1441, the U.S. District Court for the District of Colorado is the appropriate court for removal of this action because it embraces the El Paso County District Court, where this action is pending.

## II. DIVERSITY OF CITIZENSHIP EXISTS

8. Plaintiff resides in the State of Colorado. *See* Compl. (Exh. A) ¶

9. Additionally, at the time Allstate issued the insurance policy under which plaintiff brings this lawsuit, plaintiff's address was 31 Rex Circle, Salida, Colorado 81201. According to Allstate's records, plaintiff continues to live at this address, and he maintains at least telephone numbers with Colorado area codes (719). Thus, for purposes of 28 U.S.C. § 1332(a), plaintiff is a citizen of Colorado.

10. As to Allstate, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(l). Allstate is and was at the commencement of this action an Illinois corporation with its principal place of business in Illinois. *See* Certificate of Fact of Existence from the Colo. Sec. of State (indicating that Allstate is an Illinois corporation with its principle place of business in Northbrook, Illinois) (attached hereto as **Exhibit E**).

11. Therefore, plaintiff and Allstate are citizens of different states. As such, complete diversity of citizenship exists between the parties.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. A federal court has diversity jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1224 (10th Cir. 2001). The Colorado state court civil cover sheet is sufficient to establish that the amount in controversy exceeds the jurisdictional amount when plaintiff or his attorney represents the amount at issue exceeds $100,000. *See Paros Props. LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1272-73 (10th Cir. 2016).

13. Here, plaintiff's counsel indicated on the amended civil cover sheet filed with the El Paso County District Court that plaintiff seeks to recover an amount in excess of $100,000, exclusive of interest and costs, which is sufficient by itself to establish the amount in controversy for purposes of diversity jurisdiction. *See* Exh. B at 1; *Paros Props.*, 835 F.3d at 1272-73.

14. As additional support for Allstate's contention that the amount in controversy exceeds $75,000, plaintiff's Complaint includes claims to recover not only UIM benefits, but also damages related to Allstate's purported bad faith and unreasonable delay or denial of insurance benefits under C.R.S. sections 10-3-1115 and -1116 which allows for damages of "two times the covered benefits" that is unreasonably delayed or denied *See* Compl. (Exh. A) ¶¶ 19-36.. *See* C.R.S. § 10-3-1116(1). Thus, at issue are $50,000 in benefits, plus up to $100,000 in assessments under section 10-3-1116.

15. The amount in controversy, exclusive of interest and costs, therefore exceeds $75,000.00.

16. Because the parties are diverse and the amount in controversy exceeds $75,000, this court has jurisdiction under 28 U.S.C. § 1332(a).

17. Pursuant to D.C.COLO.LCivR 81.1, a copy of the register of actions in the El Paso County District Court is attached hereto as **Exhibit F**.

18. Additionally, copies of all process and pleadings are attached and filed with this notice, including:

- o Complaint, attached as Exhibit A;
- o District Court Civil Case Cover Sheet, attached as Exhibit B;
- o Affidavit of Service, attached as Exhibit C; and
- o Defendant's Notice of Removal filed in El Paso County District Court, attached as Exhibit D.

## IV. CONCLUSION

Based on the foregoing, Allstate Insurance Company has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Allstate states that no waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, defendant Allstate Insurance Company respectfully requests that the U.S. District Court for the District of Colorado assume jurisdiction of this case and issue such further orders and processes as may be necessary.

Dated this 26th day of September, 2019.

PETERSEN & FONDA, P.C.

*/s/ Richard A. Orona*
Richard A. Orona, Esq., #35299
Petersen & Fonda, P.C.
215 W. Second Street
Pueblo, CO. 81003
(P) 719-545-9330
(F) 719-542-8515
rorona@petersen-fonda.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2019, the foregoing **NOTICE OF REMOVAL** was filed via the ECF filing system and served via U.S. Mail and email on the following:

Stephen L. Cornetta
Koncilja & Koncilja, P.C.
125 West "B" Street
Pueblo, CO 81003
scornetta@konciljaandkoncilja.com

*Attorneys for Plaintiff*

/s/*Lillian Reynolds*
Lillian Reynolds
Paralegal to Richard A. Orona